No. 26-1294

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

_____

AUNG DOE, *et al.*,

*Plaintiffs-Appellees*,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department
of Homeland Security, *et al.*,

*Defendants-Appellants*.

_____

Appeal from the United States District Court
for the Northern District of Illinois
Case No. 1:25-cv-15483—Matthew F. Kennelly, Judge.

_____

**PLAINTIFFS-APPELLEES' POSITION STATEMENT CONCERNING *MULLIN V. DOE*, NO. 25-1083 AND *TRUMP V. MIOT*, NO. 25-1084**

Now come Appellees Aung Doe, Nina Doe, Thura Doe, Khin Thet Doe, Chu Let Doe, and Maung Doe ("Plaintiffs"), by and through the undersigned counsel, and for their position statement respectfully say as follows.

On April 28, 2026, this Court stayed briefing pending the Supreme Court's resolution of *Mullin v. Doe* and *Trump v. Miot*, Nos. 25-1083 & 25-1084, and ordered the parties to submit position statements within five days of a decision in those cases. On June 25, the Supreme Court issued its opinion, holding that the TPS statute's judicial-review bar applies to the plaintiffs' non-constitutional claims. *See Mullin v. Doe*, No. 25–1083, 2026 WL 1825840, at *7 (U.S. June

1

25, 2026); 8 U. S. C. §1254a(b)(5)(A). However, the Court explicitly left intact the ability to challenge TPS terminations based on constitutional violations. *See Mullin*, 2026 WL 1825840, at *10.

Plaintiffs request this Court to remand the pending appeal to the District Court to consider all of Plaintiffs' claims in light of the ruling in *Mullin*. The postponement order that is the subject of this appeal does not address Plaintiffs' Fifth Amendment claim that the government terminated TPS for Burma with discriminatory purpose but instead rests solely on Plaintiffs' statutory claims. D. Ct. Dkt. No. 51 at 52. Having determined that Plaintiffs were likely to succeed on their statutory claims, the District Court concluded it "need not address the merits of [Plaintiffs'] Fifth Amendment claim at this time." *Id.* However, since *Mullin* abrogates judicial review of Plaintiffs' statutory claims, the District Court should now have the opportunity to consider in the first instance whether Plaintiffs' Fifth Amendment claim is an independent ground to sustain its postponement order. A remand at this early posture of the appeal would serve the interest of judicial efficiency because neither the Fifth Amendment claim nor any other has been briefed on appeal to this Court. Consequently, the Court should remand to the District Court for assessment of Plaintiffs' Fifth Amendment claim, as well as any non-barred claims that Plaintiffs may amend their complaint to add. This will ensure efficient appellate review of all relevant issues if a future appeal is warranted. *See Donohoe v. Consol. Operating & Prod. Corp.*, 982 F.2d 1130, 1139 (7th Cir. 1992) (remanding case to the district court to allow for further consideration of good faith defense, noting the lack of factual record or analysis from the district court).

The District Court should evaluate the case in light of the clarified scope of 8 U. S. C. §1254a(b)(5)(A) and all of Plaintiffs' claims, including the Fifth Amendment claim.

Respectfully submitted this 30th day of June, 2026.

2

ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND
*/s/ Dinesh McCoy*
Dinesh McCoy
Phi Nguyen
Razeen Zaman
Niji Jain
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932
dmccoy@aaldef.org
pnguyen@aaldef.org
rzaman@aaldef.org
njain@aaldef.org

THE LAW OFFICES OF JUNE J. HTUN
*/s/ June Htun*
June Htun
3643 West Belmont Avenue
Chicago, Illinois 60618
(773) 362-5000
june@htunlaw.com

INTERNATIONAL REFUGEE
  ASSISTANCE PROJECT
*/s/ Guadalupe Aguirre*
Guadalupe Aguirre
Ghita Schwarz
Pedro Sepulveda
One Battery Park Plaza, Fl 33
New York, NY 10004
(929) 246-0154
laguirre@refugeerights.org
gschwarz@refugeerights.org
psepulveda@refugeerights.org

Megan Hauptman
650 Massachusetts Ave
NW Suite 600
Washington, D.C. 20001
(646) 939-7329
mhauptman@refugeerights.org

*Counsel for Appellees*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the type limitations provided in Federal Rule of Appellate Procedure 32(a)(7). The foregoing brief was prepared using Microsoft Office 15 and contains 452 words in 12-point proportionately spaced Times New Roman font.

<u>/s/ Dinesh McCoy</u>
Dinesh McCoy

*Counsel for Appellees*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30 day of June, 2026, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. Service will be made on all ECF-registered counsel by operation of the Court's electronic system.

<u>/s/ Dinesh McCoy</u>
Dinesh McCoy

*Counsel for Appellees*