No. 26-1294

---

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

---

AUNG DOE, *et al.*,

*Plaintiffs-Appellees*,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department
of Homeland Security, *et al.*,

*Defendants-Appellants*.

---

Appeal from the United States District Court
for the Northern District of Illinois
Case No. 1:25-cv-15483—Matthew F. Kennelly, Judge.

---

**NOTICE OF INTENT TO FILE RESPONSE BRIEF AND REQUEST TO SCHEDULE
BRIEFING IN OPPOSITION OF DEFENDANTS-APPELLANTS' MOTION FOR
SUMMARY REVERSAL OR, ALTERNATIVELY, FOR A STAY**

1.      On behalf of Plaintiffs-Appellees ("Plaintiffs"), undersigned counsel write to alert the Court of Plaintiffs' intention to file an opposition to a motion for a stay of the District Court's postponement order filed by the Defendants-Appellants ("Defendants") on Friday, July 3, 2026. Plaintiffs request the Court provide Plaintiffs until July 13, 2026, to file their response as permitted under Rule 27(3).

2.      In their motion, Defendants request a summary reversal or alternatively a stay pending consideration of the appeal of a preliminary order postponing the effective date of the

termination of Temporary Protected Status ("TPS"). Defendants ask this Court to issue an order stripping nearly 4,000 Burmese TPS holders of lawful status and work authorization immediately, relying fully on the Supreme Court's decision in a separate TPS-related case to justify a stay despite the fact Plaintiffs still have bases for pursuing relief for TPS holders.

3.      Defendants' motion comes after the Supreme Court's resolution of *Mullin v. Doe* and *Trump v. Miot*, Nos. 25-1083 & 25-1084. On June 25, the Supreme Court issued its opinion, holding that the TPS statute's judicial-review bar applies to the plaintiffs' non-constitutional claims. *See Mullin v. Doe*, No. 25–1083, 2026 WL 1825840, at *7 (U.S. June 25, 2026); 8 U. S. C. §1254a(b)(5)(A). However, as Plaintiffs discussed in their June 30, 2026, position statement to this Court, the Supreme Court explicitly left intact the ability to challenge TPS terminations based on constitutional violations. *See Mullin*, 2026 WL 1825840, at *10. Plaintiffs requested this Court remand the pending appeal to the District Court to consider all of Plaintiffs' claims in light of the ruling in *Mullin*, including Plaintiffs' Fifth Amendment claim that the government terminated TPS for Burma with discriminatory purpose. Having determined that Plaintiffs were likely to succeed on their statutory claims, the District Court concluded it "need not address the merits of [Plaintiffs'] Fifth Amendment claim at this time." D. Ct. Dkt. No. 51 at 52. As a result, given the early posture of this appeal prior to any briefing on the Fifth Amendment claim, the proper resolution is to remand the case to the District Court.

4.      Ten days will provide Plaintiffs with sufficient time to respond to Defendants' motion and explain why a stay would be inappropriate and create devastating harms to TPS holders from Burma without full consideration of their claims. After its decisions in *Miot and Mullin*, the Supreme Court informed this Second Circuit that the judgment or mandate "would not issue for at least thirty-two days pursuant to Rule 45." *See Dahlia Doe v. Mullin*, 25-cv-2995 (2d Cir.), Dkt.

No. 54.1. The Supreme Court did not, as it has done in other cases, expedite the issuance of the mandate. *Compare Mullin v. Doe*, 2026 WL 1825840, at *13 *with Callais v. Louisiana*, No. 25A1197 (May 4, 2026). Given the Supreme Court itself has not required immediate reversal of the postponement orders for Haiti or Syria—and the fact that Defendants did not seek expedited consideration of their motion—the standard 10 days for an opposition brief is appropriate here pursuant to Fed. R. App. P. 27(3). Furthermore, this case relates to a separate TPS termination decision and relies on a different record and evidence related to equal protection than in *Mullin.* Plaintiffs should therefore be permitted to seek a full assessment of their Fifth Amendment claim or alternative claims to obtain relief in the district court.

5.     For the foregoing reasons, this Court should grant Plaintiffs until July 13, 2026 to file their response. Should this Court require a response prior to that date, Plaintiffs will prepare and file a response if so ordered.

Respectfully submitted this 7th day of July, 2026.

ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND
*/s/ Dinesh McCoy*
Dinesh McCoy
Phi Nguyen
Razeen Zaman
Niji Jain
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932
dmccoy@aaldef.org
pnguyen@aaldef.org
rzaman@aaldef.org
njain@aaldef.org

THE LAW OFFICES OF JUNE J. HTUN
 */s/ June Htun*
June Htun
3643 West Belmont Avenue
Chicago, Illinois 60618
(773) 362-5000
june@htunlaw.com

INTERNATIONAL REFUGEE
    ASSISTANCE PROJECT
/s/ *Guadalupe Aguirre*
Guadalupe Aguirre
Ghita Schwarz
Pedro Sepulveda
One Battery Park Plaza, Fl 33
New York, NY 10004
(929) 246-0154
laguirre@refugeerights.org
gschwarz@refugeerights.org
psepulveda@refugeerights.org

Megan Hauptman
650 Massachusetts Ave
NW Suite 600
Washington, D.C. 20001
(646) 939-7329
mhauptman@refugeerights.org

*Counsel for Appellees*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of July, 2026, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. Service will be made on all ECF-registered counsel by operation of the Court's electronic system.

/s/ Dinesh McCoy
Dinesh McCoy

*Counsel for Appellees*