

July 14, 2026

Christopher G. Conway
Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street, Rm 2722
Chicago, IL 60604

      Re:    *Aung Doe v. Mullin*, No. 26-1294
              Citation of Supplemental Authority Under F.R.A.P. 28(j)

Dear Mr. Conway,

Plaintiffs-Appellees ("Plaintiffs") write in response to Defendants-Appellants' ("Defendants") letter pursuant to Federal Rule of Appellate Procedure 28(j), Dkt. 32, concerning the Ninth Circuit's decision to vacate (and remand) an order granting partial final declaratory judgment in favor of the plaintiffs in *National TPS Alliance v. Mullin*, No. 26-199, Dkt. 44 (9th Cir. July 14, 2026) ("*NTPSA*"), following the Supreme Court's decision in *Mullin v. Doe*, No. 25-1083, 2026 WL 1825840 (June 25, 2026). *NTPSA* is a case challenging, under the APA, the termination of TPS for Nepal, Honduras, and Nicaragua.

The decision in *NTPSA* supports only the unremarkable proposition that summary reversal and remand also is appropriate here post-*Mullin*, which Plaintiffs do not contest. *See* Dkt. 31 at 2–4.

But the *NTPSA* decision does not at all address two critical issues pending before this Court: the appropriate timing of any mandate issued in this case, *see id.* at 4–6, and the irreparable harm to Plaintiffs should this Court issue an *immediate* mandate, thus immediately stripping 4,000 Burmese TPS-holders of status and protection from detention and deportation to critically unsafe country conditions, *see id.* at 6–9. Indeed, these issues were inconsequential in *NTPSA* because of a pre-existing stay already in effect in that case, which permitted the terminations of TPS for Honduras, Nicaragua, and Nepal to go into effect on February 9, 2026. *National TPS Alliance v. Mullin*, No. 26-199, Dkt. 11.1 (9th Cir. Feb. 9, 2026). In other words,



the timing of the Ninth Circuit's mandate as to the July 14th decision is inconsequential because it will not result in the overnight loss of status for those TPS holders and before they have had an opportunity to move for alternative relief that would maintain the status quo. In contrast, the timing of any mandate this Court issues here and related risk of irreparable harm to Plaintiffs is paramount for all the reasons discussed in their position statement. Dkt. 31.

Respectfully submitted this 14th day of July, 2026.

ASIAN AMERICAN LEGAL
DEFENSE AND EDUCATION FUND
*/s/ Dinesh McCoy*
Dinesh McCoy
Phi Nguyen
Razeen Zaman
Niji Jain
99 Hudson Street, 12th Floor New York,
NY 10013
(212) 966-5932
dmccoy@aaldef.org
pnguyen@aaldef.org
rzaman@aaldef.org
njain@aaldef.org

THE LAW OFFICES OF
JUNE J. HTUN
June Htun
3643 West Belmont Avenue
Chicago, Illinois 60618
(773) 362-5000
june@htunlaw.com

INTERNATIONAL REFUGEE
ASSISTANCE PROJECT
Guadalupe Aguirre
Ghita Schwarz
Pedro Sepulveda
One Battery Park Plaza, Fl 33
New York, NY 10004
(929) 246-0154
laguirre@refugeerights.org
gschwarz@refugeerights.org
psepulveda@refugeerights.org

Megan Hauptman
650 Massachusetts Ave NW Suite
600
Washington, D.C. 20001
(646) 939-7329
mhauptman@refugeerights.org

*Counsel for Plaintiffs-Appellees*